# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# SOUTHERN DIVISION

| | |
|---|---|
| CHARLES HARDEN,<br><br>    Plaintiff,<br><br>    v.<br><br>MONTGOMERY COUNTY, MD, *et al.*,<br><br>    Defendants. | Civil Action No. 8:09-CV-03166-AW |

## **MEMORANDUM OPINION**

Pending before the Court is Defendant Montgomery County, Maryland's ("the County" or "Montgomery County") Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c). Doc. No. 12. The Court has reviewed the documents filed by the Parties and finds no hearing is necessary. *See* Loc. R. 105(6) (D. Md. 2010). For the reasons articulated below, the Court GRANTS the County's motion.

## I.    FACTUAL & PROCEDURAL BACKGROUND

The following facts are drawn from the Complaint and construed in the light most favorable to the Plaintiff. On September 30th, 2007, Plaintiff Charles Harden, an African-American male, was charged with second degree assault, driving under the influence of alcohol, resisting arrest and possession of oxycodine. On October 15th, 2007, Adam Siegelbaum and Dina Hauffman, both of whom are white police officers in Montgomery County, swore out a second degree assault charge based on the same incident as the September 30th charges. On December 17th, 2007, Plaintiff was found guilty of the September 30th charges. When he was leaving the

1

court, Officers Siegelbaum and Hauffman arrested Plaintiff based on the October 15th charges. As a result, Plaintiff spent the night in jail, paid bond to secure his release, and retained an attorney.

Plaintiff brings this action against the officers in their individual capacity and against the County for the December 17th arrest. The legal grounds he presents for recovery are 42 U.S.C. § 1983 and a variety of tort claims: malicious prosecution, false imprisonment, and false arrest. In order to make out a complete section 1983 claim against the County, Plaintiff alleges that the officers' actions "were the result of a policies or customs [sic] of the County, including, but not limited to, the County's policy or custom of discriminating against African-Americans." Compl. ¶ 16. However, Plaintiff has not provided any description of or evidence for the alleged municipal policy of discrimination beyond the language just quoted. Consequently, Montgomery County filed a Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c), which is the subject of this Memorandum Opinion.

## II. STANDARD OF REVIEW

The standard of review for a Rule 12(c) motion for judgment on the pleadings is identical to that of a 12(b)(6) motion to dismiss. *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405-406 (4th Cir. 2002). The purpose of a motion to dismiss is "to test the sufficiency of [the] complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, the complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2).

In its determination, the Court must "accept the well-pleaded allegations of the complaint as true," *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and "must construe factual allegations in the light most favorable to the plaintiff," *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court should not, however, accept unsupported legal allegations, *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), "legal conclusion[s] couched as . . . factual allegation[s]," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

In resolving a motion to dismiss, the Court should proceed in two steps. First, the Court should determine which allegations in the Complaint are factual allegations entitled to deference, and which are mere legal conclusions that receive no deference. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

## III. ANALYSIS

Montgomery County asserts that Plaintiff's tort claims against it should be dismissed due to governmental immunity and that the section 1983 claims against it should be dismissed because, *inter alia*, the Complaint fails to allege a municipal policy or custom of discrimination with the required level of specificity.[1] As an initial matter, Plaintiff "concedes that the County is immune from Plaintiff's state common law claims," Doc. No. 13 at 2, and therefore the Court

---

[1] The County also argues that the Complaint's allegations of racial discrimination by the individual officers are too conclusory to survive a motion to dismiss. Because the Court grants the County's motion based on the insufficiency of the Complaint's allegations of a municipal policy or custom, it is unnecessary to consider the County's alternative argument at this time.

3

will dismiss those claims as to the County.[2] The remainder of this Opinion will focus on the disputed question of whether the Complaint adequately alleges a section 1983 claim against the County.

In pertinent part, section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable." Municipalities are liable under section 1983 when "the constitutionally offensive acts of city employees are taken in furtherance of some municipal 'policy or custom.'" *Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984) (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978)). A plaintiff may establish the existence of a policy or custom in several ways: "(1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that 'manifest[s] deliberate indifference to the rights of citizens'; or (4) through a practice that is so 'persistent and widespread' as to constitute a 'custom or usage with the force of law.'" *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (quoting *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999)).

In order to satisfy the policy-or-custom element of a section 1983 *Monell* claim, Plaintiff alleges that "the acts [of the individual police officers] were the result of a policies or customs [sic] of the County, including, but not limited to, the County's policy or custom of discriminating against African-Americans." Compl. ¶ 16. The basis for Montgomery County's present motion is

---

[2] The Plaintiff rightly states that under the Local Government Tort Claims Act ("LGTCA"), the County would be liable for any judgment against the individual Defendants. Nonetheless, the County responds, and Plaintiff does not contest, that the "LGTCA does not . . . allow [plaintiffs] to name [municipalities] directly in a common law tort suit." *Martino v. Bell*, 40 F. Supp. 2d 719, 723 (D. Md. 1999). Thus, Plaintiff's argument reveals why Montgomery County may have an ongoing stake in the outcome of the lawsuit against the individual Defendants, but it is not a reason to keep the County as a named Defendant in the action.

that the Complaint's allegation of a policy or custom of discriminating against African Americans—captured in its entirety by the preceding quotation—is too conclusory to satisfy the pleading requirements laid out in Federal Rule of Civil Procedure 8(a) and construed by the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). The Court agrees.

Recent Supreme Court decisions have created a two-part framework for analyzing motions to dismiss for failure to state a claim. First, the Court must sort the allegations in the Complaint into two categories: genuine factual allegations that are entitled to deference, on the one hand, and allegations that are mere "[t]hreadbare recitals of the elements of a cause of action," on the other. *Id.* at 1949 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Taken alone, the allegation that the individual officers' actions resulted from the County's policy or custom of discrimination, *see* Compl. ¶ 16, fails at the first step of the *Twombly-Iqbal* analysis because it is nothing more than a bare assertion that a legal element (*i.e.*, the policy-or-custom element) is met.

Plaintiff also argues, relying on *Savage v. Mayor & City Council, Salisbury, MD*, No. CCB-08-3200, 2009 WL 1119087 (D. Md. Apr. 22, 2009), that the individual Defendants' actions were so blatantly discriminatory and unconstitutional that they justify the inference that the acts were in furtherance of municipal policy. Unlike the allegation in paragraph 16 of the Complaint, the allegations regarding the actions taken by individual officers provide dates, names, places, and other concrete factual material. Therefore, Plaintiff's attempt to infer a County policy or custom based on the acts of the individual officers refers to genuine factual allegations, instead of merely reciting a legal conclusion; therefore, this line of argument survives step one of *Iqbal*.

The second step of *Iqbal* requires the Court to "assume the[] veracity [of the well-pleaded factual allegations] and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950. Even though the Court assumes the veracity of the allegations against the individual officers and grants the Plaintiff all reasonable inferences from those allegations, the Complaint does not "plausibly establish" the inference that a policy or custom of the County is responsible for the actions of the individual Defendants. *Id.* at 1951. Whereas in *Savage*, the plaintiff's claim against the municipal defendant was permitted to go forward because "[t]he number of officers involved, including repeat offenders, the allegation of a 'special task force,' and the blatant illegality of their actions raise an inference of widespread police misconduct," 2009 WL 1119087, at *4, the Complaint in this case completely "fail[s] to explain the basis of [the] inference or the justification for [the] presumption," *Walker v. Prince George's Cnty., MD*, 575 F.3d 426, 431 (4th Cir. 2009).

Plaintiff counters that section 1983 claims are not subject to a "heightened pleading standard," *Leatherman v. Tarrant Cnty. Intel. & Coord. Unit*, 507 U.S. 163, 168 (1993); *Jordan v. Jackson*, 15 F.3d 333, 339 (4th Cir. 1994). However, the Court is simply applying the generally-applicable pleading standard of Federal Rule of Civil Procedure 8(a), as interpreted by the Supreme Court in *Iqbal* and *Twombly*; the Court is not fashioning a special form of heightened pleading for section 1983 claims. Thus, *Leatherman* and *Jordan* are inapplicable, and the Plaintiff's section 1983 claims against the County must be dismissed.[3]

## IV. CONCLUSION

---

[3] Should discovery produce evidence of a policy or custom of the County that caused the officers to discriminate against the Plaintiff based on his race, the Plaintiff may seek to amend the Complaint to include more specific policy-or-custom allegations.

For the foregoing reasons, Montgomery County's Motion for Judgment on the Pleadings is GRANTED. A separate Order will follow.


   October 6, 2010                                                      /s/
        Date                                                        Alexander Williams, Jr.
                                                                    United States District Judge