IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

CHARLES HARDEN,

    Plaintiff,

        v.

ADAM SIEGELBAUM, *et al.,*

    Defendants.

Civil Action No. AW-09-3166

***

## **MEMORANDUM OPINION**

The matter before the Court is Defendants' Motion to Dismiss and for Sanctions pursuant to Federal Rule of Civil Procedure 37(d). Doc. No. 21. The Court has reviewed the Motion and all supporting documents filed by the Parties. For the reasons stated below, Defendants' Motion to Dismiss is **DENIED**.

## I. RELEVANT FACTS

Plaintiff, Charles Harden, filed a Complaint against Defendants Dina Hoffman and Adam Siegelbaum for false arrest, false imprisonment, malicious prosecution, and violations of his Fourth and Fourteenth Amendment Rights under 42 U.S.C. § 1983 on November 25, 2009. Defendants Hoffman and Siegelbaum submitted Interrogatories and a Request for Production of Documents to Plaintiff on or about April 21, 2010. Plaintiff's discovery responses were due on or about May 24, 2010.

1

Counsel for Defendants wrote to counsel for the Plaintiff on June 22, 2010, September 8, 2010, and October 5, 2010, requesting Plaintiff's overdue discovery responses. Discovery ended October 25, 2010. On that day, the Defendants filed a Motion to Dismiss due to Plaintiff's failure to timely respond to certain Interrogatories and Requests for the Production of Documents in accordance with Federal Rules of Civil Procedure 37(d). On November 3, 2010, Plaintiff served all outstanding discovery responses on Defendants.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 37(d) governs sanctions for a party's failure to respond to discovery requests. The sanctions available to the Court include, *inter alia*, ordering dismissal of the action. Fed.R.Civ.P. 37(b)(2)(C); *see also Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-66 (1980) (noting that federal judges have the authority to sanction a litigant for abusing the litigation process, or otherwise conducting litigation in bad faith, by dismissing the complaint).

Whether to impose sanctions for a party's failure to comply with discovery is in the discretion of the trial court. *See Mutual Fed. Sav. & Loan v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). However, a court's range of discretion is substantially narrowed when the proposed sanction involves judgment by default or dismissal. *Id.* Thus, in order to protect the due process rights of litigants while maintaining the integrity of the judicial process, the Fourth Circuit has held that a court must consider four factors before imposing sanctions under Rule 37(d). *Id.* These factors include: (1) Whether the noncompliant party acted in bad faith; (2) the amount of prejudice the party's noncompliance caused the opposing party, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for

deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. *Id.*

The Fourth Circuit has also mandated that before dismissing a case with prejudice, district courts must give a party "clear and explicit" warning of the consequences of failing to satisfy the court's orders. *See Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 472 (4th Cir. 1993); *see also Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 n.2 (4th Cir. 1987) (noting that warning to parties was a "salient fact" that distinguished cases in which default judgment was appropriate sanction for discovery abuse under Rule 37).

### III. ANALYSIS

Application of the Fourth Circuit's four-factor test demonstrates that ordering the dismissal of the Plaintiff's case with prejudice at this point in litigation would be inappropriate. However, the Court is not thoroughly convinced with the Plaintiff's reasons for the extreme delay in responding to the Defendants' discovery requests, and admonishes the Plaintiff to comply with all rules of procedure and court orders henceforth.

In considering the first factor, the Fourth Circuit has explained that the severe sanction of dismissal with prejudice should be restricted to "only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules." *Mutual Fed. Sav. & Loan Ass'n*, 872 F.2d at 92. The Court is convinced that in the instant case, the Plaintiff's actions did not meet this high standard.

The Court reaches this conclusion, first, because there has been no specific motion and accompanying order to compel Plaintiff to comply with discovery in this case. Additionally, the record does not plainly reveal that counsel for the Plaintiff intentionally avoided answering

3

Defendants' discovery requests or withheld evidence. The Plaintiff maintains that the delay was due, in part, to the fact that the spam filter for defense counsel's email prevented her from receiving the Plaintiff's discovery materials via email. However, the Plaintiff could have remedied this technical problem by investigating the communication problem earlier – especially since counsel for the Defendants sent multiple letters requesting the responses that Plaintiff's counsel said he had previously sent. Notwithstanding this error in judgment, the Court does not find that this oversight constitutes a "pattern of indifference and disrespect to the authority of the court." *Id.* at 93.

In considering the second factor of the Fourth Circuit's test, the record does not explicitly demonstrate that the Defendants are significantly prejudiced due to Plaintiff counsel's delay in supplying the discovery materials. The discovery responses sought by the Defendants are undoubtedly material. Without this information, Defendants have limited information regarding the nature of the claim against it. However, Plaintiff's counsel has cured his failure to act within a reasonable timeframe by agreeing to whatever extension of discovery is necessary for Defendants to properly prepare a defense. Thus, with regard to the second factor of the *Mutual Federal Savings & Loan Association* test, the Court does not find that the Defendants were so prejudiced as to warrant dismissal of Plaintiff's claim.

In analyzing the third factor, the Supreme Court has stated that dismissal of a Plaintiff's case is "available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro Hockey Club*, 427 U.S. 639, 643 (1976). In the instant case, the Court is of the opinion that Plaintiff's counsel inadvertently delayed the discovery process. Defendants have not demonstrated and the Court

has not observed that Plaintiff's counsel has the propensity to circumvent court orders and rules of procedure through noncompliance. Therefore, it seems that the extreme sanction of dismissal is inappropriate in this case, as it would not serve to deter similarly situated parties from noncompliance.

Lastly, the Court must consider whether a less drastic sanction would have been effective in compelling Plaintiff's counsel to supply discovery responses in a timely manner. The Plaintiff properly points out that the Defendants have never requested, and the Court has never imposed, a lesser sanction, or issued an order compelling the discovery at issue. Thus, it would be merely speculative to state that a less drastic sanction would have been effective. Because the Plaintiff has now complied with all of the Defendant's requests, without any imposition of sanctions, it is not useful to explore this factor in depth.[1]

Moreover, as noted above, it is well-settled that district courts are required to "make the threat [of dismissal] explicit and clear so that there can be no question . . . as to whether a plaintiff who did not satisfy the conditions understood that, by not satisfying them, he faced prejudicial dismissal." *Choice Hotels Int'l*, 11 F.3d at 473. Hence, the law requires that prior to dismissing a noncompliant party, district courts should give that party a reasonable opportunity to avoid the sanction. In this case, the Plaintiff was not warned that the Court was contemplating dismissal prior to the Defendants' Motion to Dismiss. For these reasons, the Defendants' Motion to Dismiss is **DENIED**.

---

[1] Neither does the Court believe that Defendants have demonstrated a sufficient basis for this Court to preclude Plaintiff from introducing evidence in support of his claims at trial.

**IV.    CONCLUSION**

Plaintiff's actions did not rise to the level of a flagrant disregard of the authority of the district court or the Federal Rules such that dismissal would be justified in accordance with the test set forth by the Fourth Circuit. Additionally, the Court gave the Plaintiff no warning that this severe sanction was being considered before the Defendants' Motion. Accordingly, the Court **DENIES** Defendants' Motion to Dismiss. A separate order will follow.


___April 1, 2011____                                                                      /s/
      Date                                                                          Alexander Williams, Jr.
                                                                                United States District Judge