# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### SOUTHERN DIVISION

Charles Harden                                            *
                                                          *
     Plaintiff,                 *
                                                          *
       v.             *      Civil Action No. AW-09-3166
                                                          *
Montgomery County, Maryland, *et al*.,                    *
                                                          *
     Defendants.                *
*******************************************************************************

## MEMORANDUM OPINION

The matter currently before the Court is Officer Dina Hoffman Montysko and Officer

Adam Siegelbaum's motion for summary judgment. *See* Doc. No. 23. This is not the first

dispositive motion the Court has addressed during the course of this litigation. Defendant

Montgomery County, Maryland ("the County") filed a motion for judgment on the pleadings, on

May 4, 2010, Doc. No. 12, which the Court addressed on October 6, 2010, Doc. No. 20. In that

opinion, the Court dismissed the County from the suit entirely. Montysko and Siegelbaum then

filed a motion to dismiss under Rule 37(d), Doc. No. 21, due to Plaintiff's extreme delay in

responding to Defendants' discovery requests. The Court denied that motion on April 1, 2011,

Doc. No. 31, because it found that dismissal of Plaintiff's case with prejudice at that point in the

litigation would be inappropriate.

The surviving claims against Montysko and Siegelbaum allege infringements of the

Fourth and Fourteenth Amendments in violation of 42 U.S.C. § 1983: count II (malicious

prosecution), count III (false imprisonment) and count IV (false arrest). Doc. No. 2. For the

reasons articulated below, the Court grants summary judgment to Montysko and Siegelbaum on

all counts.

## I. FACTUAL & PROCEDURAL BACKGROUND

The following facts are drawn from the Court's prior memorandum opinion, with variations as necessary to reflect subsequent developments in the record. On September 30, 2007, Officer Montysko noticed a car being driven on the wrong side of the road and conducted a stop. Officer Siegelbaum arrived on the scene to assist Montysko. Plaintiff, the driver, appeared to be under the influence of alcohol and was arrested on the scene for Driving under the Influence ("DUI"). A search incident to arrest revealed 80mg of what was later identified as OxyContin. Plaintiff was transported to the police station and un-cuffed, at which point, according to the Statement of Probable Cause, Plaintiff punched Siegelbaum in the groin and also removed his belt and flung it at Siegelbaum, hitting him below his right eye. Doc. No. 23 Ex. 4. Plaintiff was subsequently charged with second degree assault on a police officer, driving under the influence of alcohol, resisting arrest, and possession of OxyContin. The arresting officers were Defendants Siegelbaum and Montysko.

On October 15, 2007, Montysko swore out a second degree assault charge based on the same incident as the September 30 charges. Montysko claims she noticed that the Commissioner had found no probable cause for the original charge of second degree assault on a police officer, which requires a serious injury to the officer, so she charged Plaintiff with the lesser offense of second-degree assault. Doc. 23 Ex. 3:33. The warrant Montysko requested did not merge into the prior charges she filed on September 30, 2007.

On December 17, 2007, Plaintiff was found guilty of the September 30 charges. As Plaintiff was leaving the court, he was arrested by the bailiff based on a warrant issued pursuant

2

to the October 15, 2007 charges, effectively arresting him for a second time for the same assault. Montysko acknowledges that she became aware of the outstanding warrant based on the October 15 charges during the Plaintiff's trial, and that she told the State's Attorney that this warrant arose out of the same events for which the Plaintiff was being tried and that the warrant should therefore not be served. *Id.* As a result of the December 17 arrest, the Plaintiff spent the night in jail, paid bond to secure his release, and retained an attorney. Doc. No. 2. On February 7, 2008, there was a hearing based on the second set of charges, and the charges were dismissed.

Plaintiff brings this action against Officers Montysko and Siegelbaum based on the December 17, 2007 arrest. The legal grounds he presents for recovery are 42 U.S.C. §1983 and a variety of tort claims: malicious prosecution, false imprisonment, and false arrest.

II.     STANDARD OF REVIEW

Summary judgment is only appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). The Court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

To defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or other similar evidence to show that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A disputed fact presents a genuine issue "if the evidence is such that a reasonable jury could return a verdict for

the non-moving party." *Anderson,* 477 U.S. at 248. Although the Court should believe the evidence of the nonmoving party and draw all justifiable inferences in his or her favor, a party cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

## II.    ANALYSIS

The Plaintiff acknowledges that Siegelbaum is not liable for any of the claims in this case. Thus, the Court finds it proper to dismiss Siegelbaum from the suit. The Plaintiff, however, does contest the dismissal of Montysko for the claims set forth in the Complaint. The Plaintiff contends that because Montysko filed the October 15 charges and failed to stop Plaintiff's December 17 arrest based on those charges, Montysko is liable for Fourteenth Amendment due process violations, Fourth Amendment unconstitutional search and seizure, malicious prosecution, false arrest, and false imprisonment. Montysko argues that her conduct does not constitute a constitutional violation; alternatively, Montysko argues that her conduct was not so clearly unreasonable as to overcome her qualified-immunity defense. For the reasons to follow, the Court grants summary judgment for Montysko as well.

### A.  Plaintiff's Fourteenth Amendment Claims

Plaintiff alleges section 1983 liability for his improper seizure based on Fourth Amendment and Fourteenth Amendment violations. Under the Supreme Court's holding in *Graham v. Conner*, claims for excessive force or improper seizure "should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." 490 U.S. 386, 395 (1989). Thus, the Fourth Amendment is the proper vehicle for these claims and Montysko is entitled to summary judgment on Plaintiff's Fourteenth

4

Amendment claims.

B. <u>Qualified Immunity</u>

Qualified immunity protects government officials from "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Thus, in order to defeat Montysko's qualified immunity defense, Plaintiff must not only show that Montysko violated his constitutional rights, *Saucier v. Katz*, 533 U.S. 194, 201 (2001), but also that the rights violated were clearly established at the time of the incident, based on whether a reasonable officer would have believed the conduct to be lawful under similar circumstances, *see Wilson v. Lane*, 526 U.S. 603, 615 (1999). However, granting "summary judgment on qualified immunity grounds is improper as long as there remains any material factual dispute regarding the actual conduct of the defendants." *Rainey v. Conerly*, 973 F.2d 321, 324 (4th Cir. 1992).

The Plaintiff argues that Montysko is not entitled to qualified immunity based on the second arrest which was in violation of Plaintiff's clearly established constitutional rights. However, the Court judges qualified immunity based on the conduct of the officer at the time the officer acted. Based on the affidavit of Montysko and the facts before the Court, the Court is left with little doubt that Montysko's action in applying for the second warrant was objectively reasonable under the circumstances. Montysko conducted a computer search to determine the status of charges filed against the Plaintiff on September 30, 2007. She noticed that the Commissioner had not checked the boxes for probable cause on the charges of second-degree assault against Officers Siegelbaum and herself and had in fact checked the boxes finding no probable cause for those charges. Under the circumstances, it was reasonable for Montysko to

believe that Plaintiff was not being charged with second-degree assault of a police officer. Accordingly, her action in filing an application for a general second-degree assault charge, a lesser offense, was reasonable in light of her belief that the greater offense was not being prosecuted. Given the information known to Montysko at the time, her decision to file an application for the lesser offense was well within the bounds of reasonable police practice.

Plaintiff attempts to expose inconsistencies and weaknesses surrounding Montysko's affidavit, so as to show that her account of the relevant events cannot be relied upon. For the following reasons, the Court is not convinced by these attempts.

First, Plaintiff argues that the affidavit of his criminal attorney, Gwyn Hoerauf, conflicts with Montysko's affidavit. According to Hoerauf, when Plaintiff was being arrested on December 17, 2007, Hoerauf asked the State's Attorney why Plaintiff was being arrested, and the State's Attorney claimed not to know and did nothing to stop the Plaintiff's arrest. Doc. No. 24 Ex. 5. Plaintiff suggests that the State's Attorney's response indicating his lack of knowledge regarding the arrest reflects the fact that Montysko did not in fact alert the State that the warrant based on the October 15 charges should not be served. This analysis is misguided because it relies upon the premise that the State's Attorney must have responded as (s)he did because Montysko failed to inform the State of the necessary facts. Rather, the State's Attorney may not have known why Plaintiff was being arrested but may have assumed that the arrest was unrelated to the October 15 charges. The Court refuses to speculate as to the implications of the State's Attorney's statement and finds that Plaintiff has not effectively countered Montysko's testimony that she did in fact inform the State that the outstanding warrant should not be served.

Moreover, as discussed above, the Court analyzes qualified immunity at the time of the officer's conduct; here, at the time Officer Montysko applied for the October 15 charges. There

is no genuine dispute as to whether Montysko "clearly" violated Plaintiff's constitutional rights when the only action taken by Montysko – amending the charges – was reasonable because, as conceded by Plaintiff, there was probable cause to file the October 15 charges.

Even if Montysko later realized that the October 15 charges were not in fact included in the charges scheduled for trial and failed to subsequently warn the State's Attorney, this is not a situation in which "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Henry v. Purnell*, F.3d 323, 333 (4th Cir. 2010). The Court does not find that Montysko had an affirmative duty to stop an arrest that was originally based on probable cause; nor does Plaintiff cite or direct the Court to any case law that shows such a duty. Moreover, the evidence from discovery reveals that Montysko was not the officer who arrested Plaintiff based on the October 15 charges; nor was she in the room or the area when the arrest took place. Accordingly, summary judgment will be granted to Montysko as well as Siegelbaum on all remaining claims.


**IV.     CONCLUSION**

For the reasons stated above, Defendants' motion for summary judgment, Doc. No. 23, will be granted. A separate order will follow.


   August 11, 2011
      Date

                /s/
             Alexander Williams, Jr.
             United States District Judge